UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLINE WESLEYAN CHURCH,<br><br>                                Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE, et al.,<br><br>                              Defendants. | Case No.: 3:16-cv-00501-H-DHB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 20] |

On February 4, 2016, Plaintiff Skyline Wesleyan Church filed a complaint in San Diego County Superior Court against Defendant California Department of Managed Health Care and the department's director, Defendant Michelle Rouillard, in her official capacity. (Doc. No. 1 at 9-29.) The complaint challenges Defendants' requirement that group health insurance plans provide coverage for all legal abortions. (Id. ¶ 1.) On February 26, 2016, Defendants removed the action to this court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. (Id. at 1-3.)

On May 16, 2016, Defendants filed a motion to dismiss. (Doc. No. 20.) On June 6, 2016, Plaintiff opposed Defendants' motion. (Doc. No. 22.) On June 13, 2016, Defendants

replied to Plaintiff's opposition. (Doc. No. 25.) On June 20, 2016, the Court held a hearing on the motion. Karli Eisenberg appeared for Defendants, and Jeremiah Galus and David Hacker appeared for Plaintiff. For the reasons that follow, the Court grants in part and denies in part Defendants' motion to dismiss.

## Background

The Court takes the following facts from Plaintiff's state court complaint. Defendant California Department of Managed Health Care ("DMHC") is an executive agency of the State of California responsible for enforcing California law and regulations regarding health service plans. (Doc. No. 1 ¶ 17.) As part of its regulatory responsibilities, Defendant DMHC is charged with ensuring that health plans in California comply with the Knox-Keene Health Care Service Plan Act of 1975. (Id.) Defendant Michelle Rouillard is the Director of Defendant DMHC. (Id. ¶ 18.)

On August 22, 2014, Defendants sent letters to group health plans that did not provide coverage for all legal abortions and required that the plans begin offering such coverage (the "coverage requirement"). (Id. ¶¶ 1-2, Ex. 1.) As authority for imposing this requirement, Defendants cited the Knox-Keene Act's provision that health plans must cover "basic health care services." (Id. ¶ 3, Ex. 1.) Plaintiff alleges that, prior to announcing the coverage requirement, Defendants had not interpreted the term "basic health care services" to include voluntary and elective abortions. (Id. ¶ 4.)

Plaintiff is an Internal Revenue Code Section 501(c)(3) non-profit, Christian church located in La Mesa, California. (Id. ¶ 14.) Plaintiff alleges that it believes and teaches that participation in, facilitation of, or payment for an elective or voluntary abortion is a grave sin. (Id. ¶ 23.) Plaintiff states that, based on its religious beliefs, it seeks to offer health insurance coverage to its employees in a way that does not cause it to pay for abortions. (Id. ¶ 29.) Plaintiff also alleges that the coverage requirement prevents Plaintiff from obtaining a group health care plan that is consistent Plaintiff's religious beliefs. (Id. ¶ 7.)

On February 4, 2016, Plaintiff filed a complaint for declaratory and injunctive relief and nominal damages in San Diego County Superior Court against Defendants, alleging

1  claims for (1) violation of the Free Exercise Clause of the First Amendment of the U.S.
2  Constitution; (2) violation of the Equal Protection Clause of the Fourteenth Amendment of
3  the U.S. Constitution; (3) violation of the Establishment Clause of the First Amendment of
4  the U.S. Constitution; (4) violation of the Establishment and Free Exercise Clauses of
5  Article I, Section 4 of the California Constitution; (5) violation of the Equal Protection
6  Clause of Article I, Section 7 of the California Constitution; and (6) violation of the
7  California Administrative Procedure Act, California Government Code § 11340, et seq.
8  (Doc. No. 1 at 9-29.)

**Discussion**

I.  Legal Standards

A complaint must satisfy the pleading requirements of Federal Rule of Civil Procedure 8 to evade dismissal under a Rule 12(b)(6) motion. Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 640-41 (9th Cir. 2014). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alteration notations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quotation marks, alteration notations, and citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5

C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

II.     Analysis

    A.     California Administrative Procedure Act Claim

Plaintiff alleges that the coverage requirement is a generally applicable rule that Defendants issued without following the necessary steps for promulgating a regulation under the California Administrative Procedure Act ("APA"), California Government Code § 11340, et seq. (Doc. No. 1. ¶¶166-179.) Defendants do not claim that they followed the APA's procedures for notice and comment by stakeholders. Instead, they argue that the letters detailing the coverage requirement are not subject to the APA because the letters did not implement, interpret, or make specific a law, but rather restated existing law. (Doc. No. 20-1 at 36-39.)

The APA provides "basic minimum procedural requirements for the adoption, amendment, or repeal of administrative regulations." Cal. Gov't Code § 11346(a). "[A]ny regulation not properly adopted under the APA is considered invalid." Reilly v. Superior Court, 57 Cal. 4th 641, 649 (2013). "'Regulation' means every rule, regulation, order, or standard of general application or the amendment, supplement, or revision of any rule, regulation, order, or standard adopted by any state agency to implement, interpret, or make specific the law enforced or administered by it, or to govern its procedure." Cal. Gov't Code § 11342.600. The APA's rulemaking procedures do not apply to a rule that is meant only to govern a specific case. Tidewater Marine W., Inc. v. Bradshaw, 14 Cal. 4th 557, 571 (1996). They also do not apply to a "regulation that embodies the only legally tenable interpretation of a provision of law." Cal. Gov't Code § 11340.9(f).

The Knox-Keene Act requires that health plans cover "basic health care services." Cal. Health & Safety Code § 1367(i). The statute defines "basic health care services" to include "physician services." Cal. Health & Safety Code § 1345(b)(1). The statute also

requires that the "director shall by rule define the scope of each basic health care service that health care service plans are required to provide as a minimum for licensure under this chapter." Cal. Health & Safety Code § 1367(i). The director has not by rule specifically defined all legal abortions to be basic health care services. Instead, she has defined basic health care services as including only those services that are "medically necessary." Cal. Code Regs. tit. 28, § 1300.67. Additionally, the legislature has not explicitly required health plans to cover abortions, but it has required health plans to cover contraceptives and fertility treatments while specifically exempting religious employers from these requirements. Cal. Health & Safety Code §§ 1367.25; 1374.55.

The "only legally tenable interpretation" exception to the APA is "narrow." Ctr. for Biological Diversity v. Dep't of Fish & Wildlife, 234 Cal. App. 4th 214, 262 (2015). In its complaint, Plaintiff alleges that Defendants previously approved of plans that did not provide coverage for abortion but then reversed their position in response to pressure from abortion rights advocates. (Doc. No. 1 ¶¶ 58-61.) This allegation indicates that one valid interpretation of existing statutes and regulations is that health plans need not cover voluntary abortions. The laws discussed by the parties do not make these allegations implausible.[1] Accordingly, at this stage of the proceedings, the Court declines to conclude that Defendants' coverage requirement is the "only legally tenable interpretation" of the law. The Court therefore denies Defendants' motion to dismiss Plaintiff's APA claim, but Defendants may bring a motion for summary judgment when the record is more fully developed.

///

///

---

[1] Additionally, the Reproductive Privacy Act states, "Every woman has the fundamental right to choose to bear a child or to choose and to obtain an abortion." Cal. Health & Safety Code § 123462(b). The California Constitution also protects the "right of the woman to choose whether to bear children." Comm. to Defend Reprod. Rights v. Myers, 29 Cal. 3d 252, 275 (1981). Defendants' interpretation of these provisions as they apply to health insurance coverage requirements is not the only legally tenable interpretation at the motion to dismiss stage of the litigation.

B. Federal and California Free Exercise Claims

Plaintiff alleges that the coverage requirement violates its right to free exercise of religion guaranteed by the First Amendment of the United States Constitution and Article I, Section 4 of the California Constitution. (Doc. No. 1 ¶¶ 94-118, 138-158.) Defendants argue that Plaintiff has not adequately pleaded these causes of action. (Doc. No. 20-1 at 22-31, 35-36.)

Under the federal constitution, "the right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability." Employment Div., Dep't of Human Res. of Oregon v. Smith, 494 U.S. 872, 879 (1990) (quotation marks omitted). But "if the object of a law is to infringe upon or restrict practices because of their religious motivation, the law is not neutral, and it is invalid unless it is justified by a compelling interest and is narrowly tailored to advance that interest." Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 533 (1993) (citations omitted). California "has not determined the appropriate standard of review for . . . a challenge under the state Constitution's guarantee of free exercise of religion," but the standard is not less deferential to such challenges than the federal standard. N. Coast Women's Care Med. Grp., Inc. v. San Diego Cty. Superior Court, 44 Cal. 4th 1145, 1158-60 (2008).

Plaintiff alleges that Defendants issued the coverage requirement with the intent to "suppress the religious exercise" of certain beliefs. (Doc. No. 1 ¶¶ 6, 61, 77, 117.) Plaintiff's complaint gives Defendants "fair notice of what the claim[s are] and the grounds upon which [they] rest[]." Twombly, 550 U.S. at 555. At this stage of the litigation, Plaintiff has alleged sufficient facts to support its California and federal free exercise claims. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's free exercise claims, but Defendants may bring a motion for summary judgment when the record is more fully developed.

///

///

### C. Federal and California Establishment Claims

Plaintiff alleges that the coverage requirement violates guarantees against establishments of religion under the First Amendment of the United States Constitution and Article I, Section 4 of the California Constitution. (Doc. No. 1 ¶¶ 126-158.) Defendants argue that Plaintiff has not adequately pleaded these causes of action. (Doc. No. 20-1 at 32-36.)

The First Amendment's Establishment Clause requires that government conduct "(1) have a secular purpose, (2) not have as its principal or primary effect advancing or inhibiting religion and (3) not foster an excessive government entanglement with religion." Am. Family Ass'n, Inc. v. City & Cty. of San Francisco, 277 F.3d 1114, 1121 (9th Cir. 2002). The "clause applies not only to official condonement of a particular religion or religious belief, but also to official disapproval or hostility towards religion." Id. "[T]he protection against the establishment of religion embedded in the California Constitution [does not] create[] broader protections than those of the First Amendment. [T]he California concept of a 'law respecting an establishment of religion' coincides with the intent and purpose of the First Amendment establishment clause." E. Bay Asian Local Dev. Corp. v. State of California, 24 Cal. 4th 693, 718, 13 P.3d 1122 (2000) (citation omitted).

Plaintiff alleges that "Defendants have adopted a particular theological view of what is acceptable moral complicity in provision of abortion and imposed it upon all churches and religious employers who must either conform or incur ruinous fines." (Doc. No. 1 ¶ 130.) Plaintiff also alleges that Defendants' purpose in adopting the coverage requirement was to favor certain religious beliefs over others. (Doc. No. 1 ¶¶ 131-136.) Plaintiff's complaint gives Defendants "fair notice of what the claim[s are] and the grounds upon which [they] rest[]." Twombly, 550 U.S. at 555. Plaintiff has alleged sufficient facts supporting its California and federal establishment claims to survive a motion to dismiss. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's establishment claims, but Defendants may bring a motion for summary judgment when the record is more fully developed.

D.  Federal and California Equal Protection Claims

Plaintiff alleges that the coverage requirement violates its right to equal protection of the laws under the Fourteenth Amendment of the United States Constitution and Article I, Section 7 of the California Constitution. (Doc. No. 1 ¶¶ 119-125, 159-165.) Defendants argue that Plaintiff has not adequately pleaded these causes of action. (Doc. No. 20-1 at 31-32, 36.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "In order for a state action to trigger equal protection review at all, that action must treat similarly situated persons disparately." Barnes-Wallace v. City of San Diego, 704 F.3d 1067, 1084 (9th Cir. 2012) (quotation marks and alteration notations omitted). "The Fourteenth Amendment's guarantee of equal protection and the California Constitution's protection of the same right are substantially equivalent and are analyzed in a similar fashion." Landau v. Superior Court, 81 Cal. App. 4th 191, 207 (1998) (citations omitted). "The first step in equal protection analysis is to identify the state's classification of groups." Country Classic Dairies, Inc. v. State of Mont., Dep't of Commerce Milk Control Bureau, 847 F.2d 593, 596 (9th Cir. 1988).

Plaintiff has not alleged that Defendants have selectively enforced the coverage requirement only against certain groups. Rather, Plaintiff alleges that Defendants have granted partial exemptions to the coverage requirement to religious employers that request such exemptions but that Defendants have been unwilling to grant any employer the complete exemption that Plaintiff seeks.[2] (Doc. No. 1 ¶¶ 66-67.) Indeed, Plaintiff alleges

---

[2] In light of Defendants' system for granting exemptions, the parties may wish to investigate whether they can come to an arrangement that will meet the needs of all stakeholders. See, e.g., Zubik v. Burwell, 136 S. Ct. 1557, 1560 (2016) ("[T]he parties on remand should be afforded an opportunity to arrive at an approach going forward that accommodates petitioners' religious exercise while at the same time ensuring

that the coverage requirement "was intended to apply generally." (Id. ¶ 168.) These allegations are insufficient to support an equal protection claim. See Twombly, 550 U.S. at 555. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's equal protection claims with leave to amend.[3]

### E. Standing

The parties also disagree as to whether Plaintiff has standing to bring this case. (Doc. Nos. 20-1 at 18-22; 22 at 11-15; 24 at 6-9.) "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). Plaintiff alleges that it has suffered a concrete, actual injury because the coverage requirement has left it with no viable options for providing health insurance to its employees in a way that is consistent with its religious beliefs. (Doc. No. 1 ¶¶ 26-33.) See Council of Ins. Agents & Brokers v. Molasky-Arman, 522 F.3d 925, 931 (9th Cir. 2008). Plaintiff alleges that its injury is fairly traceable to the coverage requirement because, before Defendants issued the coverage requirement, Plaintiff provided its employees with a health plan that conformed to its religious beliefs, but insurers will no longer provide Plaintiff with such a plan because of the coverage requirement. (Doc. No. 1 ¶¶ 30, 33.) See Barnum Timber Co. v. U.S. E.P.A., 633 F.3d 894, 901 (9th Cir. 2011) (Plaintiff "need not eliminate any other contributing causes to establish its standing."). Finally, Plaintiff alleges it is likely that a favorable decision will redress the injury because the coverage requirement is the reason insurers ceased offering health plans that conform to Plaintiff's religious beliefs and the

---

that women covered by petitioners' health plans receive full and equal health coverage . . . .") (internal quotation marks omitted).

[3] If the Court subsequently dismisses or otherwise disposes of Plaintiff's remaining federal claims, the Court reserves the right to remand any remaining state claims to the state court.

insurers would resume offering such plans if the requirement were lifted. (Doc. No. 1 ¶¶ 31-33, 58.) See <u>Renee v. Duncan</u>, 686 F.3d 1002, 1013 (9th Cir. 2012) ("Plaintiffs need only show that there would be a change in a legal status, and that a practical consequence of that change would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered.") (quotation marks omitted). Accordingly, the Court denies Defendants' motion to dismiss the complaint on the basis of standing, but Defendants may bring a motion for summary judgment when the record is more fully developed.

## Conclusion

The Court grants Defendants' motion to dismiss Plaintiff's equal protection claims with leave to amend and denies Defendants' motion to dismiss Plaintiff's remaining claims.[4] (Doc. No. 20.) Plaintiff must file an amended complaint or a notice of its intent to not file an amended complaint on or before July 20, 2016. Defendants must answer the complaint or file a motion to dismiss any amended complaint within thirty days of when Plaintiff files its amended complaint or notice of its intent to not file an amended complaint.

**IT IS SO ORDERED.**

DATED: June 20, 2016

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[4] Additionally, the Court grants Defendants' request for judicial notice. (Doc. No. 20-2.)