XAVIER BECERRA
Attorney General of California
NIROMI W. PFEIFFER
KARLI EISENBERG
Supervising Deputy Attorneys General
State Bar No. 281923
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7913
 Fax:  (916) 324-5567
 E-mail:  Karli.Eisenberg@doj.ca.gov
*Attorneys for Defendants California
Department of Managed Health Care, et al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SKYLINE WESLEYAN CHURCH,** | 3:16-cv-00501-CAB-DHB |
| Plaintiff, | **Status Report** |
| v. | Date: September 4, 2020<br>Courtroom: 4C<br>Judge: Hon. Cathy Ann Bencivengo |
| **CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE; MARY WATANABE,[1] in her official capacity as Acting Director of the California Department of Managed Health Care,** | |
| Defendants. | |

In accordance with this Court's August 19, 2020 Order, Defendants Department of Managed Health Care (DMHC) and Mary Watanabe, in her official capacity as Acting Director of the DMHC, hereby submit the following Status Report.  (Doc. No. 104.)

///

---

[1] Mary Watanabe replaces the former Director of the California Department of Managed Health Care as a defendant, in her official capacity, by operation of Federal Rule of Civil Procedure 25(d).

1

## INTRODUCTION

During the Court's August 19, 2020 hearing, the Court ordered that the parties file a status report addressing two questions (1) what is the best way to proceed and (2) what impact would any pending case(s) have on this litigation.

For the reasons outlined below, the best way to proceed is to set a briefing schedule on the justiciability of Skyline's remaining claims beyond its federal free exercise claim, assuming Skyline intends to pursue additional claims. The Ninth Circuit specifically directed this Court to consider the justiciability of these claims on remand as a threshold matter, before determining when to address the merits of Skyline's claims for which jurisdiction has been established. In addition, determining the threshold question of justiciablity of Skyline's additional claims would allow for the development of pending litigation that could impact this case, including *Fulton v. City of Philadelphia*, No. 19-123 (U.S. July 22, 2019), *cert. granted*, ___ U.S. ___, 140 S. Ct. 1104 (2020) and *Foothill Church Calvary Chapel Chino Hills, et al. v. Rouillard*, No. 19-15658 (9th Cir.).

## STATEMENT OF THE CASE

On July 21, 2020, the U.S. Court of Appeals for the Ninth Circuit issued its amended opinion in this case. *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 968 F.3d 738 (9th Cir. 2020). Although the Ninth Circuit concluded that "Skyline's federal free exercise claim is justiciable," it did not reach Skyline's other claims. *Id*. at 753. The court nevertheless held that "we vacate the district court's ruling that those claims are not justiciable and remand to the district court to reassess the justiciability of Skyline's remaining claims in light of our decision." *Id.*[2]

Turning to the merits, the Ninth Circuit concluded that while certain considerations "may have persuaded" the Court "to exercise its equitable discretion

---

[2] In its summary judgment motion, Skyline also sought judgment on its Establishment Clause claim, California constitutional claims, and California Administrative Procedures Act claim. *See* Doc. No. 67; *see also* Doc. No. 91 at 5.

to reach the merits of Skyline's federal free exercise claim," the Court opted not to do so because "the Supreme Court granted a petition for a writ of certiorari in which one of the questions presented is '[w]hether *Employment Division v. Smith* [494 U.S. 872, 110 S. Ct. 1595 (1990)] should be revisited.'" *Skyline Wesleyan Church*, 968 F.3d at 754 (citing Petition for a Writ of Certiorari, *Fulton v. City of Philadelphia*, No. 19-123 (U.S. July 22, 2019), *cert. granted*, ___ U.S. ___, 140 S. Ct. 1104 (2020)). The Ninth Circuit explained that "Skyline's free exercise claim turns on the application of *Smith* and later caselaw implementing its holding." *Id*. "When the Supreme Court is in the process of considering a legal issue central to an appeal before us, we typically wait to decide the appeal until after the Supreme Court has ruled." *Id*. The Court then concluded that it would remand the matter to the district court "to determine, after resolving whether Skyline's other claims are justiciable . . . when it would be appropriate to proceed to the merits of Skyline's claims for which there is jurisdiction." *Id*. (internal citation omitted).

## DISCUSSION

1.  In light of the Ninth Circuit's decision and the pending related litigation, Defendants request that the parties first brief the justiciability of Skyline's non-federal free exercise claims—if Skyline intends to continue pursuing claims other than its federal free exercise claim.

The Ninth Circuit specifically instructed that on remand the court should first "resolv[e] whether Skyline's other claims are justiciable." *Skyline Wesleyan Church*, 968 F.3d at 754. Then, the court should determine "when it would be appropriate to proceed to the merits of Skyline's" claim(s) in light of the pending Supreme Court case. *Id*.

Resolving the justiciability issue not only ensures compliance with the Ninth Circuit's opinion, but it also allows for the related litigation to proceed such that by the time this Court resolves the remaining justiciability issues, the Supreme Court and the Ninth Circuit may have ruled on the pending cases.

3

2.   There are two pending cases that could potentially impact a decision in this case: *Fulton v. City of Philadelphia*, No. 19-123 (U.S.) and *Foothill Church Calvary Chapel Chino Hills, et al. v. Michelle Rouillard, in her official capacity as Director of the California Department of Managed Health Care*, No. 19-15658 (9th Cir.).

As noted, one of the questions presented in the *Fulton* case is "[w]hether *Employment Division v. Smith* [494 U.S. 872, 110 S. Ct. 1595 (1990)] should be revisited." Petition for a Writ of Certiorari, *Fulton v. City of Philadelphia*, No. 19-123 (U.S. July 22, 2019), *cert. granted*, ___ U.S. ___, 140 S. Ct. 1104 (2020).[3] The Ninth Circuit recognized that a decision in *Fulton* may impact Skyline's federal free exercise claim. Thus, the Ninth Circuit decided not to reach the merits of that claim. The *Fulton* case has now been set for oral argument on November 4, 2020.[4]

There is also a case pending in the Ninth Circuit that has the potential to impact this case. In *Foothill Church*, three churches challenge the same August 22, 2014 letters at issue in this matter, asserting violations of the Free Exercise Clause, Equal Protection Clause, and Establishment Clause. *See Foothill Church v. Rouillard*, 317 F.Supp.3d 742 (E.D. Cal. 2019) (dismissing complaint without leave to amend); *Foothill Church v. Rouillard*, 2017 WL 3839972 (E.D. Cal. Sep. 1, 2017) (dismissing complaint with leave to amend); *Foothill Church v. Rouillard*, 2016 WL 3688422 (E.D. Cal. July 11, 2016) (dismissing plaintiffs' Establishment Clause and Free Speech claims without leave to amend and dismissing plaintiff's

---

[3] In addition to considering whether *Smith* should be "revisited," the Supreme Court granted certiorari on the following additional questions presented, as framed by the petitioner: (1) "[w]hether free exercise plaintiffs can only succeed by proving a particular type of discrimination claim—namely that the government would allow the same conduct by someone who held different religious views—as two circuits have held, or whether courts must consider other evidence that a law is not neutral and generally applicable, as six circuits have held?" and (2) "[w]hether a government violates the First Amendment by conditioning a religious agency's ability to participate in the foster care system on taking actions and making statements that directly contradict the agency's religious beliefs?" *See* https://www.supremecourt.gov/qp/19-00123qp.pdf.

[4] https://www.supremecourt.gov/oral_arguments/calendars/MonthlyArgumentCalNovember2020.html.

free exercise and equal protection claims with leave to amend).  On July 30, 2020, the Ninth Circuit advised it was considering setting the case for oral argument for November 2020 or the two subsequent sitting months.  Although *Foothill Church* involves similar claims, it is procedurally distinct from this case in that the appeal stems from the district court's order granting defendant's motion to dismiss, and therefore does not involve consideration of the factual record developed in this action.

## CONCLUSION

Defendants respectfully request that this Court order the parties to meet and confer to establish a briefing schedule on the justiciability of Skyline's claims beyond its federal free exercise claim, to the extent Skyline intends to continue pursuing them.

Dated:  September 4, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
NIROMI W. PFEIFFER
Supervising Deputy Attorney General

*/s/ Karli Eisenberg*
KARLI EISENBERG
Supervising Deputy Attorney General
*Attorneys for Defendants California Department of Managed Health Care, et al.*

SD2016600637
34334302.docx