Jeremiah Galus (AZ Bar No. 030469)*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jgalus@ADFlegal.org

Christiana Holcomb (CA Bar No. 277427)
Alliance Defending Freedom
440 First Street, NW, Suite 600
Washington, D.C. 20001
(202) 393-8690
cholcomb@ADFlegal.org

Charles S. LiMandri (CA Bar No. 110841)
Jeffrey M. Trissell (CA Bar No. 292480)
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA 92067
(858) 759-9948
cslimandri@ConscienceDefense.org

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYLINE WESLEYAN CHURCH,<br><br>  Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE; MICHELLE ROUILLARD, in her official capacity as Director of the California Department of Managed Health Care,<br><br>  Defendants. | Case No.: 3:16-cv-00501-CAB-DHB<br><br>**PLAINTIFF'S STATUS REPORT** |

Pursuant to the Court's August 19, 2020, minute order, Plaintiff Skyline Wesleyan Church submits the following status report and statement of position about how this litigation should proceed after remand. As detailed below, Skyline contends that the best course of action given the Ninth Circuit's ruling would be for the parties to refile summary judgment motions addressing both the merits of Skyline's claims and any justiciability issues that the DMHC wishes to raise. The merits of Skyline's federal free-exercise claim are directly at issue after the Ninth Circuit's ruling and therefore must be considered by this Court. Requiring two separate rounds of summary judgment briefing will only prolong and increase the cost of litigation.

## I. District Court Proceedings

In August 2014, the California Department of Managed Health Care, or DMHC, mandated all California religious organizations that had healthcare plans to cover legal abortions, regardless of the organization's religious beliefs. The DMHC's directive directly harmed Skyline, which had an employee-healthcare plan that excluded elective abortion coverage, consistent with the church's beliefs.

Skyline filed a state court complaint challenging the DMHC's abortion-coverage mandate, seeking declaratory and injunctive relief along with nominal damages. Doc. 1 at 9–29. Skyline's complaint asserted claims under the free exercise, establishment, and equal protection clauses of both the United States and California constitutions, as well as a state APA claim. *Id.* The DMHC removed the case to this Court and then moved to dismiss. Doc. Nos. 1, 20. Although Judge Marilyn L. Huff agreed to dismiss the equal protection claims, she ruled that the complaint sufficiently alleged standing and that the free exercise, establishment, and APA claims adequately stated claims for relief. Doc. 28.

Following discovery, the parties filed cross-motions for summary judgment in November 2017. This Court granted the DMHC's motion and dismissed the case on standing and ripeness grounds. The Court said that jurisdiction was lacking because (1) Skyline's injury could not be redressed by a favorable court order, and (2) the controversy was not ripe until a third-party insurer resubmitted an insurance plan for

DMHC approval that provided coverage consistent with Skyline's religious beliefs. Skyline appealed. Along with asking the Ninth Circuit to reverse the standing and ripeness rulings, Skyline asked the appellate court to exercise its discretion and reach the merits of the church's federal free-exercise claim because of the ongoing, irreparable harm to its constitutional rights.

## II. The Ninth Circuit's Ruling

The Ninth Circuit reversed, holding that Skyline's claim under the Free Exercise Clause of the First Amendment is justiciable. The court declined, however, to exercise its discretion to reach the merits in the first instance and therefore remanded to this Court for further proceedings. Op. at 7.

The Ninth Circuit determined that Skyline had established each of the three elements needed for Article III standing and, relatedly, that the federal free-exercise claim was constitutionally ripe. Op. at 16. The court held that Skyline had suffered an injury in fact because it had insurance that excluded abortion coverage consistent with its religious beliefs before the DMHC issued the abortion-coverage mandate. Op. at 18. The court explained that there was a direct chain of causation from the DMHC's directive requiring insurers to cover elective abortion, to Skyline's insurer's doing so, and to Skyline losing access to insurance coverage that followed its beliefs. Op. at 20. As for redressability, the Ninth Circuit first noted that Skyline requested nominal damages in its complaint, an award of which would redress Skyline's past constitutional injuries. Op. at 20–21. The court also concluded that Skyline's prospective claims for relief—a declaration that the abortion-coverage requirement violated the church's rights and a permanent injunction—would likely redress Skyline's ongoing injury. That is because "[t]he fact that insurers had previously offered plans that were acceptable to Skyline is strong evidence" that they would do so again if a court held that the abortion-coverage requirement could not be applied to Skyline's plan. Op. at 21, 23. In addition, the Ninth Circuit held that Skyline's federal free-exercise claim was prudentially ripe because the abortion-coverage mandate had an immediate effect on Skyline. Op. at 26.

Because the parties had only briefed the merits of Skyline's federal free-exercise claim on appeal, the Ninth Circuit instructed this Court to consider the "justiciability of Skyline's remaining claims in light of our decision." Op. at 29–30. The Ninth Circuit explained that its justiciability analysis "may apply equally to Skyline's other claims." Op. at 29.

Finally, the Ninth Circuit declined to exercise its discretion to reach the merits of Skyline's federal free-exercise claim. But the court acknowledged that there were good reasons for it to resolve that claim in the first instance: it presented "a purely legal issue"; both parties filed cross-motions for summary judgment contending that the record was "sufficient to support judgment in its favor"; and remand would unfortunately "guarantee that [Skyline's] claimed injury will persist during the further litigation." Op. at 30. Even though "[t]hese considerations may have persuaded [the Ninth Circuit] to exercise [its] equitable discretion to reach the merits," the court explained that, after oral argument, the Supreme Court granted certiorari in *Fulton v. City of Philadelphia*, No. 19-123 (U.S. July 22, 2019), *cert. granted*, 140 S. Ct. 1104 (2020), a case in which one of the questions presented is whether *Employment Division v. Smith* should be "revisited." Op. at 31. Stating that the federal free-exercise claim "turns on the application of *Smith* and later caselaw implementing its holding," the Ninth Circuit explained that it would "typically wait to decide the appeal until after the Supreme Court has ruled." *Id.* But waiting here, the court noted, would "hold up the resolution of Skyline's other claims." *Id.* Rather than keep the case "in abeyance for a long period of time," the Ninth Circuit remanded to this Court so that it could determine "when it would be appropriate to proceed to the merits of Skyline's claims for which there is jurisdiction." *Id.*

### III. Plaintiff's Position

Given that the parties have completed discovery and previously filed cross-motions for summary judgment, the best course of action moving forward would be for the parties to refile summary judgment motions addressing the merits of Skyline's claims in light of the Ninth Circuit's ruling and any recent developments in the caselaw. Plaintiff's counsel

is willing to confer with Defendants' counsel to develop and propose a briefing schedule that is mutually acceptable to the parties and the Court's calendar.

If the DMHC contends the Ninth Circuit's justiciability analysis is unique to the church's free-exercise claims, and thus does not apply to the church's other claims (i.e., the Establishment Clause and state APA claims), the DMHC can make that argument alongside its arguments about the merits of the church's free-exercise claim, which *must* be resolved given the Ninth Circuit's ruling. Bifurcating the issues and requiring the parties to file two separate summary judgment briefs would only prolong the litigation, increasing the expenditure of time and resources for the parties and the Court.

As for *Fulton v. City of Philadelphia*, the Supreme Court has set oral argument in that case for November 4, 2020. Should this Court determine, after reviewing the parties' written submissions, that the Supreme Court's ruling in *Fulton* might affect this case, the Court may of course—but need not—delay ruling on the parties' motions until after a decision in *Fulton*.[1] But all the issues here will have been fully briefed by then, allowing the Court to make a prompt ruling.

Dated: September 4, 2020

Respectfully submitted,

s/ Jeremiah Galus
Jeremiah Galus (AZ Bar No. 030469)*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jgalus@ADFlegal.org

---

[1] The same logic applies to *Foothill Church v. Rouillard*, No. 19-15685 (9th Cir.).

Christiana Holcomb (CA Bar No. 277427)
Alliance Defending Freedom
440 First Street, NW, Suite 600
Washington, D.C. 20001
(202) 393-8690
cholcomb@ADFlegal.org

Charles S. LiMandri (CA Bar No. 110841)
Jeffrey M. Trissell (CA Bar No. 292480)
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA 92067
(858) 759-9948
cslimandri@ConscienceDefense.org

*Admitted *pro hac vice*

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2020, service of the foregoing Plaintiff's Status Report was made by way of the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated September 4, 2020
                                              s/ Jeremiah Galus
                                              Jeremiah Galus
                                              Attorney for Plaintiff