Jacob E. Reed (Ohio Bar No. 99020)*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-4718
jreed@ADFlegal.org

Jeremiah Galus (Arizona Bar No. 030469)*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jgalus@ADFlegal.org

Charles S. LiMandri (California Bar No. 110841)
Paul M. Jonna (California Bar No. 265389)
Jeffrey M. Trissell (California Bar No. 292480)
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA 92067
(858) 759-9948
cslimandri@limandri.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SKYLINE WESLEYAN CHURCH**, <br><br> Plaintiff, <br><br> v. <br><br> **CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE**; **MARY WATANABE**, in her official capacity as Director of the California Department of Managed Health Care, <br><br> Defendants. | Case No.: 3:16-cv-00501-RBM-MSB <br><br> **PLAINTIFF'S REQUEST FOR A STATUS CONFERENCE** <br><br> Courtroom: 5B <br> Judge: Ruth Bermudez Montenegro |

Plaintiff Skyline Wesleyan Church ("Skyline") respectfully requests the Court set a status conference in this matter. For the reasons more fully explained below, Skyline believes that a status conference would be beneficial to the parties and the Court and would help facilitate a final resolution in this case, which has been ongoing for over six years.

In support of this request, Skyline states:

1. Skyline sued Defendants in state court in February 2016, bringing a free exercise claim and other claims. *See* Compl., ECF No. 1.

2. Defendants removed to this Court, *id.*, the parties proceeded through discovery, and they filed cross motions for summary judgment in November 2017. *See* ECF Nos. 67, 68.

3. After the case was reassigned multiple times, Judge Bencivengo granted Defendants' motion for summary judgment, concluding Skyline lacked standing and that its claims were unripe. ECF No. 91.

4. Skyline appealed. ECF No. 94. While the appeal was pending, the Supreme Court granted *certiorari* in *Fulton v. City of Philadelphia*, No. 19-123 (U.S.). *Fulton v. City of Philadelphia*, 140 S. Ct. 1104 (2020).

5. The Ninth Circuit reversed and remanded, holding that Skyline's Free Exercise Clause claim was justiciable. *Skyline Wesleyan Church v. California Dep't of Managed Health Care*, 968 F.3d 738 (9th Cir. 2020). It also vacated and remanded Judge Bencivengo's ruling that Skyline's other claims were nonjusticiable. *Id.*

6. After this case was remanded, in June 2021, the Supreme Court decided *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021).

7. The parties then filed supplemental briefs in support of their prior motions for summary judgment, mainly addressing *Fulton*. *See* ECF No. 120.

8. The case was then transferred to the Honorable Linda Lopez. ECF No. 123.

9. The parties completed their supplemental summary judgment briefing and prepared for oral argument on the same, which was scheduled for April 6, 2022.

10. A week before the hearing, Judge Lopez vacated the hearing and indicated she would "issue [a] written Order" on the summary judgment motions. ECF No. 130.

11. But on April 6, 2022, the case was transferred to Your Honor Montenegro. ECF No. 131.

12. The parties' cross motions for summary judgment, including supplemental briefing, is complete, pending before this Court, and ready for disposition.

13. Setting a status conference will promote the efficient and speedy administration of justice and resolution of this case. *See* FED. R. CIV. P. 1. A status conference will allow the parties to answer any procedural or factual questions the Court may have. Further, a status conference could aid the Court in deciding whether to hold oral argument on the supplemental briefing, and aid in scheduling of the same.

14. Such a conference is likely to benefit both the parties and the Court by "expediting disposition of the action" and ensuring that the case will not be further "protracted." FED. R. CIV. P. 16(a)(1), (2), (3).

For the foregoing reasons, Plaintiff Skyline Wesleyan Church respectfully requests the Court set a status conference to discuss a final adjudication in this case.

Dated: June 24, 2022                Respectfully submitted,

s/ *Jacob E. Reed*
Jacob E. Reed (Ohio Bar No. 99020)*
Alliance Defending Freedom
44180 Riverside Parkway
Lansdowne, VA 20176
(571) 707-4718
jreed@ADFlegal.org

Jeremiah Galus (Arizona Bar No. 030469)*
Alliance Defending Freedom
15100 N. 90th Street
Scottsdale, AZ 85260
(480) 444-0020
jgalus@ADFlegal.org

Charles S. LiMandri (California Bar No. 110841)
Paul M. Jonna (California Bar No. 265389)
Jeffrey M. Trissell (California Bar No. 292480)
Freedom of Conscience Defense Fund
P.O. Box 9520
Rancho Santa Fe, CA 92067
(858) 759-9948
cslimandri@limandri.com

*Admitted *pro hac vice*

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2022, service of the foregoing Plaintiff's Request for Status Conference was made by way of the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: June 24, 2022                              s/ *Jacob E. Reed*
                                                                 Jacob E. Reed
                                                                 Attorney for Plaintiff