1  ROB BONTA
   Attorney General of California
2  KARLI EISENBERG
   Supervising Deputy Attorney General
3  HAYLEY PENAN
   Deputy Attorney General
4  State Bar No. 313693
    1300 I Street, Suite 125
5   P.O. Box 944255
    Sacramento, CA 94244-2550
6   Telephone: (916) 210-7785
    Fax: (916) 324-5567
7   E-mail: Hayley.Penan@doj.ca.gov
   *Attorneys for Defendants*
8  *California Department of Managed Health*
   *Care, Mary Watanabe in her official*
9  *capacity as Director of the California*
   *Department of Managed Health Care*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SKYLINE WESLEYAN CHURCH,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE; MARY WATANABE, in her official capacity as Director of the California Department of Managed Health Care,**<br><br>Defendants. | 3:16-cv-00501-RBM-MSB<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Dept: 5B<br>Judge: Hon. Ruth Bermudez Montenegro<br>Action Filed: February 4, 2016 |

Plaintiff requests that this Court enter judgment for Plaintiff in light of the February 3, 2023 order in *Foothill v. Watanabe*, No. 2:15-cv-02165-KJM-EFB (E.D. Cal.). *See* Pl.'s Notice of Suppl. Authority at 1 (ECF No. 138). The Court in the *Foothill* matter rendered a decision on the merits, granting summary judgment for the *Foothill* plaintiffs on their free exercise claim. Order Granting Summary Judgment (ECF No. 129), Foothill v. Watanabe, No. 2:15-cv-02165-KJM-EFB. In

1

ruling on the scope of injunctive relief, the Court ordered DMHC to "consider requests from the Churches for abortion care coverage comporting with their religious beliefs, and to approve or provide feedback on the proposed coverage within 30 days." Order re Scope of Relief at 10 (ECF No. 138), Foothill v. Watanabe, No. 2:15-cv-02165-KJM-EFB. Additionally, the Court required that "[i]f and when defendant approves coverage language comporting with the Churches' beliefs, [DMHC] must request the employer's plan submit an amended evidence of coverage document containing the approved language within 30 days." *Id*. The parties have been in communication about the Churches' "proposed coverage" requests. Indeed, on March 3, 2023, one of the three Foothill plaintiffs provided its proposed plan language to DMHC, which DMHC is reviewing; DMHC awaits language from the other two plaintiffs. As these facts demonstrate, the *Foothill* case has not been fully resolved and the Plaintiff's request that this Court render a decision based on the *Foothill* order is still premature.

Indeed, the Foothill remedy—i.e. the approval of the Churches' proposed language—could have significant implications for this case, including rendering part of plaintiff's lawsuit moot. As noted, there are three *Foothill* plaintiffs each with potentially separate health plan products that will be submitting proposed language.[1] Once DMHC approves coverage language for the three plaintiffs, DMHC must—pursuant to the court order—request that the plan(s) submit an amended evidence of coverage document. That same plan product containing the limiting abortion coverage will then be available on the open market for other "religious employers," including Skyline. *See* Cal. Health & Safety Code § 1367.25 (defining religious employer for purposes of seeking an exemption from

---

[1] At the time they filed their complaint, the *Foothill* Plaintiffs offered coverage through three distinct health plans. Foothill Church offered coverage through Kaiser Permanente, Calvary Chapel Chino Hills offered Kaiser Permanente, Aetna, and Anthem Blue Cross plan products, and Shepherd of the Hills Church offered Anthem Blue Cross and Kaiser Permanente plan products. *See* Second Amended Complaint ¶¶ 13-15 (ECF No. 72), Foothill v. Watanabe, No. 2:15-cv-02165-KJM-EFB.

the contraception coverage requirements), § 1367.32 (providing notice requirements on health plans that provide coverage for religious employers that don't include coverage for abortion and contraception, defining religious employer for these purposes by the definition in § 1367.25); *see also* Complaint (ECF No. 1) at ¶ 107 (referring to Skyline Church as a "religious employer").

Once approved, Plaintiff can purchase any one of these three plan products remedying Plaintiff's alleged harm and rendering, at least part of, this case moot. *See, e.g.*, *City & Cnty. of San Francisco v. Garland*, 42 F.4th 1078, 1087 (9th Cir. 2022) ("requests for injunctive relief are only live where 'there is some present harm left to enjoin' and 'a plaintiff who can reasonably be expected to benefit from prospective relief ordered against the defendant'"); *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 868 (9th Cir. 2017) ("[W]hat makes [a declaratory judgment] a proper judicial resolution of a 'case or controversy' rather than an advisory opinion is the settling of some dispute *which affects the behavior of the defendant toward the plaintiff*.").[2] Additionally, in light of the *Foothill* decision, DMHC is willing to consider an additional proposal from the *Skyline* plaintiff to the extent that they would prefer to submit their own proposal rather than selection one of the available plan options with the *Foothill* plaintiffs requested exemptions. Because questions remain regarding whether Plaintiff will have a live case or controversy pending the submission and approval of plan language for the *Foothill* plaintiffs that would be in line with what Plaintiff seeks in this case, Defendants request that the Court

---

[2] Plaintiffs' assertion that its claim for nominal damages "would save [the] case from mootness" misunderstands the law on this point. Pl.'s Notice Suppl. Authority at 1 n.1 (citations omitted). The cases relied on by Plaintiffs relate to whether a claim for nominal damages is sufficient for standing purposes. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021) ("This is not to say that a request for nominal damages guarantees entry to court. Our holding concerns only redressability."); *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 968 F.3d 738, 749 (9th Cir. 2020) (noting that "Skyline requested nominal damages" and that such damages "would redress Skyline's injury" for standing purposes, but nowhere addressing anything regarding mootness considerations). To the extent that it might aid the Court, Defendants would be willing to provide additional briefing regarding whether the existence of these new plan products for Plaintiff would render Plaintiffs' claim moot.

delay rendering judgment in this case until the full resolution of the relief ordered in *Foothill*. Additionally, to the extent there is a question regarding whether the *Foothill* outcome will moot this proceeding, Defendant requests that the Court order additional briefing to resolve this question.

Dated: March 16, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California

*/s/ Hayley Penan*
HAYLEY PENAN
Deputy Attorney General
KARLI EISENBERG
Supervising Deputy Attorney General
*Attorneys for Defendants California Department of Managed Health Care, Mary Watanabe in her official capacity as Director of the California Department of Managed Health Care*

SD2016600637

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Skyline Wesleyan Church v. CA DMHC** | No. | **3:16-cv-00501-RBM-MSB** |

I hereby certify that on <u>March 16, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 16, 2023</u>, at Sacramento, California.

| | |
|---|---|
| Leticia Aguirre | */s/ Leticia Aguirre* |
| Declarant | Signature |

SD2016600637
35973784.docx